*469 .OPINION of the Court, by
judge Owsley.
This is an action on the case brought in the court b-low by the plaintiff Mills against Taylor for the speakmg af slanderous words. ' The process was served on Paylor, and.he having failed to appear and plead to the action", a writ of inqu iry was awarded against him, an(f upon the execution thereof ¾ 1666 and 66 cents, d images Were assessed by the jury. . Some days-after this, but &Hng the same term, Taylor appeared in court and moved for a new trial, on various grounds ; and-the court being of opinion in his favor on the grounds of surprise, awarded a new trial. Taylor then pleaded to -the action,, and on the trial of the issue* verdict and judgment for óne*eenc damages and costs were obtained by Mills j from -which judgment -Mills has prosfe-cúted this writ of error, and has assigned for error that the court below erred in awarding a new trial and in not giving judgment for the damages' assessed by the jury upchj ⅛¾ writ oí inquiry.. ' "
*470 In the consideration of this case we are necessarily Fed to look into the declaration, and examine whether it contains a good cause of action : for as he was plaintiff in the court below, it is not enough that that court erred in granting a new trial ; but to authorise a reversal in his favor, it must also^appear that judgment might have been properly rendered on the verdict, which it is contended was improperly set aside. The correctness of this position has not only been evinced by the uniform practice and repeated decisions of this court, but will be moreover manifest when it is observed that no judgment can regularly be rendered in favor of a plaintiff who shews no good cause of action.
Whether the plaintiff in the court below, and plaintiff here, has therefore in the present case set forth a good pause of action in his declaration, forms a necessary inquiry. The words laid in his declaration are, u You (meaning the plaintiff ) are a damned rogue and a swindler ; you say you were authorised by Price and M’Cut-chin of Philadelphia to draw bills on them ; I can proye you never were authorised by Price and M’Cutchin to draw bills,on them, and if you have any letters from them you forged them. I can prove you are a damned rogue and a swindler ; I can prove you never had a letter from, Pi-ice and M’Cutchin to authorise you to draw bills on them. You are a damned refugee from Canada, and you came from Canada to swindle the people of Ken* tucky out of their property.”
Unless these words import some criminal charge against the plaintiff, liable to some legal punishment, they cannot be adjudged to be actionable within themselves. And it is clear none of the words import such a charge, unless it be implied in the terms, you say you were authorissd by Price and M' Gut chin to draw bills on them ; if you have any letters from them you jorged them. These words in their usual plain and obvious sense, do not imply a criminal charge : they allege the plaintiff, if he had any letters from Price and M’-Cutchin, forged them ; but in the absence of an allegation that he held such letters, the charge of forgery cannot be implied.
But although these words are not within themselves actionable, because they do not import a criminal charge against the plaintiff, yet it will not be denied they would *471 be actionable if spoken of him in relation to bis trade. The present action cannot however be maintained on the grounds of the words having been so spoken. They are not charged in the declaration to have been spoken of the plaint if in relation to his trade ; and it is a settled rule, where words are not actionable in themselves, but are so only because they"are spoken of a person in his profession, office or trade, they must be alleged in the declaration to have been spoken of him in relation to such his profession, office or trade, otherwise the declaration will contain no cause of action. Thus in the case of Todd vs. Hastings, 2 Saun. 307, the plaintiff declared he was a draper, and of good name, fame, &c. and the defendant, intending to slander him in his good name, &c. said of him “ you are a cheating fellow, and keep a false book, and I will prove it,” held not actionable because they were not alleged to be spoken of the. plaintiff in relation to his trade. So also, in the case of Savage vs. Robery, 2 Salk. 694, where the plaintiff declared he was a trader, and the defendant said of him “ you are a cheat, and have been a cheat for divers years,” held not actionable on the same principle.
These cases are strongly in point, not only to prove the charge in the declaration that the plaintiff is a swindler, is not actionable unless spoken of him in relation to his trade, but conclusive to shew that the allegation in the declaration of the plaintiff being a merchant, without an averment of the words having been spoken of him in relation to that character, is insufficient to make them actionable.
Did the words necessarily import a charge against the plaintiff as a merchant, it would not be denied but they would be actionable without a special averment of their having been spoken of him in relation to that character.' It is plain, however, the words as laid in the declaration have no such import, and as they are not averred to have been so spoken, they shew clearly no cause of action. It would therefore have been irregular in the court below to have awarded judgment in favor of the plaintiff on the damages assessed by the jury on executing the writ of inquiry ; and consequently the judgment of that court cannot be reversed at his instance»
Judgment affirmed.